SAMUEL F. MORSE & *al. versus* SIMEON T. RICE & *al.*

The Statutes of 1835, c. 195, and of 1836, c. 245, for the relief of poor debtors, were repealed by the Revised Statutes.

After the Revised Statutes were in force, the oath to be taken by a debtor arrested on execution, is that prescribed in the Revised Statutes, c. 148.

Therefore where a debtor had given a bond, before the Revised Statutes were in force, to cite the creditor, submit himself to an examination and take the oath provided in the poor debtor act of 1836, c. 245, within six months; and where the oath was to be taken after the Revised Statutes were in force and within the six months; *it was held*, that the forfeiture of the bond was saved, by the debtor's 'taking the oath prescribed in the Revised Statutes, c. 148, instead of that provided in the St. 1836, c. 245.

The substitution in such case of the oath prescribed in the Revised Statutes, c. 148, for that in the St. of 1836, c. 245, is not an unconstitutional act.

THE action was debt upon a bond, dated March 26, 1841, given to the plaintiffs to liberate Rice from an arrest on an execution in their favor against him. The condition of the bond was as follows.

"Now if the said Simeon T. Rice shall in six months from the time of executing this bond, cite the said Samuel F. & Sidney B. Morse, the creditors, before two justices of the peace *quorum unus*, and submit himself to examination as is prescribed in the tenth section of an act, entitled "an act for the relief of poor debtors," passed March 24th, A. D. 1835, and take the oath or affirmation as provided in the seventh section of an act, entitled "an act supplementary to an act for the relief of poor debtors," passed April 2d, A. D. 1836, and perform all the other conditions provided by the laws of the State relative to the relief of poor debtors, or pay the debt, interest, cost, and fees arising in said execution, or be delivered in custody of the gaoler within said time, then the said obligation to be void, otherwise to remain in full force."

Rice had duly notified the creditors, and within the six months, and after the first day of August, 1841, had taken the oath prescribed in the Revised Statutes, c. 148, but did not take that prescribed in the St. of 1836, mentioned in the condition of the bond.

The plaintiffs contended at the trial before SHEPLEY J. that the bond was forfeited, because the oath required by the condition of the bond had not been taken. The Judge was of opinion, that the legal oath was administered; and the plaintiffs submitted to a nonsuit, which was to be set aside, if the opinion was erroneous.

*Howard & Osgood*, for the plaintiffs, contended that the opinion intimated at the trial, was erroneous.

The bond in this case is to take the poor debtor's oath prescribed in the St. of 1836 on that subject, not the oath provided by law to be taken. The oath actually taken, is more favorable to the debtor, than the one required by the bond. The condition is forfeited, for it has not been performed either in form or substance.

The bond given by Rice is a contract between the obligors and the plaintiffs, to be performed according to its terms. It was made under the statutes then existing, and should be construed according to the principles of the common law. That contract cannot be altered, and a new condition substituted for that made by the parties, by any act of the legislature. They may exercise a control over the remedy, but not over the contract. *Thayer* v. *Seavey*, 2 Fairf. 284.

The Revised Statutes should only have a prospective operation, and not operate upon contracts made before they took effect. It is a settled rule in construing statutes, that they are to be considered prospective, unless the intention to give a retrospective operation is clearly expressed. *Hastings* v. *Lane*, 3 Shep. 134. To give the Revised Statutes a retrospective operation in this case, would be to render them unconstitutional, as impairing the obligation of contracts. *Blanchard* v. *Russell*, 13 Mass. R. 16; *Foster* v. *Essex Bank*, 16 Mass. R. 270; *Reed* v. *Fuller*, 2 Pick. 158; *Walter* v. *Bacon*, 8 Mass. R. 468; *King* v. *Dedham Bank*, 15 Mass. R. 447. If the legislature have the power to alter the condition of the bond to make it more favorable to the debtor, they have power also to make it more favorable to the creditor, and less so to the debtor. It is however manifest from the Revised Statutes, c.

148, § 20, and the general repealing act, § 2, that the operation should be but prospective.

The bond contains three alternative conditions. If one become illegal or impossible, the debtor should have performed one of the other two. He could have gone into prison, or have paid the debt.

*Adams*, for the defendants, said that the certificate of the magistrates was conclusive evidence, that notice had been given according to law. 13 Mass. R. 239; 3 Fairf. 415; 3 Pick. 405.

By a fair construction of the condition of the bond, the oath intended was the oath required by the law existing at the time the disclosure should be made. It is substantially, to take the legal poor debtors' oath, and the practice in this county has been in accordance with this view.

The statute of 1836 was repealed by the Revised Statutes. The twentieth section of c. 148, is to be considered with the next section, and shows that the new law was to have an immediate operation.

The operation of the statute is merely upon the remedy, and not upon any contract between the parties. A law must be clearly and palpably so, or it will not be pronounced to be unconstitutional.

The opinion of the Court was by

SHEPLEY J. — The condition of this bond is, that one of the obligors shall within six months submit himself to examination and take the oath or affirmation provided in the seventh section of the act of 1836, or pay the debt, interest, costs and fees, or be delivered into the custody of the jailer. The Revised Statutes took effect before the time for taking the oath had expired. And the debtor within the six months took the oath therein prescribed ; but did not take the oath named in the condition of the bond. The oaths are not in all respects the same. It is contended, that there has not been a performance of the condition of the bond and that the plaintiffs are entitled to judgment. By the act repealing the statutes which

had been revised, the act of 1835, c. 195, by virtue of which this bond was taken, and the act of 1836, c. 245, prescribing the form of the oath, are repealed. The second section of the repealing act provides, that the acts repealed shall continue in force so far as they respect the trial and punishment of crimes and offences, and the recovery of penalties and forfeitures, which have been incurred ; and for saving all rights of action, and all actions and causes of action, which shall have accrued by virtue of, or are founded on any of the repealed acts. It is obvious, that these provisions do not embrace the case now under consideration. The design of the revision was to substitute the revised enactments for the acts repealed, except where an explicit provision was made to the contrary. There is no indication of an intention, that the former oath should continue to be taken by debtors, who had given bonds under the acts repealed. The intention, that the revised code should, after a certain time, be the statute law of the State on this subject, is too clearly indicated to authorize the application of the rule, that statutes should be regarded as having a prospective operation, unless a contrary intention is disclosed. And the rule itself is rather applicable to new legislative provisions, than to a revision and re-enactment of former acts, often with little or no variation, but sometimes with new provisions. If the Revised Statutes are not to be regarded as operating in this respect prospectively, it is insisted, that they cannot vary the performance of the condition of this bond, because it would impair the obligation of the contract. A judgment creditor is permitted in certain cases to arrest the body of his debtor, who is to be released upon giving a bond in a prescribed form to the creditor. The design is to compel a disclosure of the debtor's means of making payment. And to give him time to arrange his affairs and make payment, or to disclose them fully, he is authorized to substitute the bond for a detention of his person. It is made payable to the creditor, but might at the pleasure of the legislature be made payable to the officer. It arises out of a statute prescribing and regulating the mode of proceeding for the collection of debts, and is a part thereof.

Morse *v.* Rice.

It is also a contract, but not of the character protected by that clause in the constitution. The creditor does not dictate its terms, and is not a voluntary party to it. The law provides it, and authorizes him to accept and use it as a means of coercing payment of his debt. And if that mode of coercion be taken from him, his debt and the contract, on which it is founded, remain unimpaired. It is a part of his remedy only, which is varied or destroyed. When the legislature requires a contract to be entered into collateral to the original and as a part of the remedy to enforce it, the rights which it gives arise only out of the statute provision, and not out of any agreement of the parties, and are therefore liable to be modified by statute. To what extent, and in what manner the body and property of the debtor shall be acted upon to enforce payment are the legitimate subjects for legislative consideration, and of variation as the public good and the necessity of the case may require. The power of the legislature to vary the rights and duties of the parties to a bond of this description was considered and decided in the case of the *Oriental Bank* v. *Freese,* 18 Maine R. 109. The defendants having performed the condition of their bond in the manner authorized by law, cannot be considered as guilty of any omission of duty.

*Nonsuit confirmed.*